[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Judgment reversed and remanded. Ford, P.J., concurs with the first, second, fifth, sixth, eighth and ninth assignments of error; concurs in judgment only as the seventh assignment of error; dissents on the third and fourth assignments of error with Concurring/Dissenting Opinion; Christley, J., concurs with the second, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error; concurs in judgment only as to the first and third assignments of error with Concurring Opinion. See Opinions and Judgment Entry. [O'NEILL] (FORD) (CHRISTLEY)
DOMESTIC RELATIONS/CHILD CUSTODY:
An adoption proceeding involves a two-step process consisting of a "consent" phase and a "best interest" phase. While R.C. 3107.07(A) limits the "consent" phase of the adoption proceeding to those facts that are relevant within the one-year time period immediately preceding the filing of an adoption proceeding, there is no such time restriction in the determination of the best interest of the child.
In an adoption proceeding, the trial court's mentioning of the word "church" in its judgment entry to help describe some of the activities the adoptive parent enjoyed participating in with the child does not amount to a violation of the separation between church and state. The trial court's reference to church activities was not an endorsement of religious activities. Rather, it was used as an example of the type of activities which were apparently important to the children and the adoptive parent.